FILED BY ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE    05 AUG 24  PM 12: 37
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ASAD EL-AMIN MUJIHADEEN, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 03-2044-D/An |
| TENNESSEE BOARD OF PROBATION AND PAROLES, et al., | X X X X | |
| Defendants. | X X | |

ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND

On January 18, 2005, plaintiff Asad El-Amin Mujihadeen, a/k/a Ronald Turks, Tennessee Department of Correction ("TDOC") prisoner number 86217, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a motion seeking leave to amend his consolidated complaints. The defendants have not responded to this motion, and the time for a response has expired.

The plaintiff's motion does not attach a copy of the proposed amendment, and it is not clear from the plaintiff's motion precisely what his proposed amendment would assert. On the one hand, the plaintiff seems to contend that Tenn. Code Ann. § 40-35-503(b), coupled with the advisory Parole Release Decision Making Guidelines used by the Tennessee Board of Probation and Parole,

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

create a liberty interest in parole. If that is, in fact, the plaintiff's proposed amendment, such a claim would be subject to <u>sua sponte</u> dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. The statute at issue plainly states that "[r]elease on parole is a privilege and not a right," and the guidelines plainly state that they are "advisory." Moreover, the courts that have considered the issue have uniformly concluded that Tennessee law does not create a liberty interest in parole. See <u>Wright v. Trammell</u>, 810 F.2d 589 (6th Cir. 1987) (per curiam) (Tennessee law creates no liberty interest in parole); <u>State v. Sutton</u>, 166 S.W.3d 686, 691 (Tenn. 2005); <u>Grimes v. State</u>, No. W2004-02897-CCA-R3-PC, 2005 WL 1249060, at *2 (Tenn. Crim. App. May 25, 2005); <u>Davis v. Maples</u>, No. M2002-02564-COA-R3-CV, 2003 WL 22002660, at *4 (Tenn. Ct. App. Aug. 25, 2003); <u>Pipher v. Tennessee Bd. of Parole</u>, No. M2000-01509-COA-R3-CV, 2002 WL 31443204, at *3 (Tenn. Ct. App. Nov. 1, 2002); <u>Kaylor v. Bradley</u>, 912 S.W.2d 728, 733 (Tenn. Ct. App. 1995); <u>Wells v. Tennessee Bd. of Paroles</u>, 909 S.W.2d 826, 828 (Tenn. Ct. App. 1995).[1] Accordingly, to the extent plaintiff seeks leave to amend to assert a claim that Tennessee law creates a liberty interest in parole, his motion is DENIED.

Although the plaintiff also points to language in the version of the Parole Release Decision Making Guidelines in effect

---

[1] The validity of a claim that Tennessee law creates a liberty interest in parole has been previously addressed in orders issued on February 18, 2003 and March 24, 2005.

2

at the time of each of his three parole hearings that "the Board has determined that written reasons shall be given for departures from the guidelines," it is not clear precisely what claim plaintiff seeks to raise based on this language.[2] Accordingly, that aspect of plaintiff's motion is DENIED.

IT IS SO ORDERED this __24__ day of August, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff has also demonstrated that that language has since been altered.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 96 in case 2:03-CV-02044 was distributed by fax, mail, or direct printing on August 25, 2005 to the parties listed.

---

Asad El-Amin Mujihadeen
WTSP-Henning
86217
P.O. Box 1050
Henning, TN 38041

Pamela S. Lorch
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Kimberly J. Dean
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Honorable Bernice Donald
US DISTRICT COURT