FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 AUG 24  PM 12: 37

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ASAD EL-AMIN MUJIHADEEN, | X X X | |
| Plaintiff, | X X | |
| vs. | X X | No. 03-2044-D/An |
| TENNESSEE BOARD OF PROBATION AND PAROLES, et al., | X X X | |
| Defendants. | X X | |

ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO
FILE REPLY BRIEFS (#66)
AND
ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (#58)

On November 15, 2004, plaintiff Asad El-Amin Mujihadeen, a/k/a Ronald Turks, Tennessee Department of Correction ("TDOC") prisoner number 86217, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a motion seeking summary judgment on his claims that the defendants discriminate in their parole decisions on the basis of race and in favor of inmates whose death sentences were commuted to life imprisonment for reasons having no bearing on the inmate's culpability, accompanied by a legal memorandum and his own factual affidavit. Defendants filed a response in opposition to the summary judgment motion on December 16, 2004, accompanied by a legal memorandum, the affidavit

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

of C. Edward Scudder, General Counsel of the Board of Probation and Parole, and a document entitled "Defendants' Response to Plaintiff's Affidavit in Support of Motion for Summary Judgment." On December 27, 2004, plaintiff filed a document, entitled "Motion to Traverse Defendants' Response to Plaintiff's Motion for Summary Judgment," which the Court CONSTRUES as a motion for leave to file a reply brief in further support of his summary judgment motion. Finally, on December 28, 2004, plaintiff filed a document, entitled "Motion to Amend Plaintiff's Motion to Traverse Defendants' Response to Plaintiff's Motion for Summary Judgment," which the Court CONSTRUES as a second motion for leave to file a reply brief in further support of his summary judgment motion.[1]

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a

---

[1] The Court will exercise its discretion to consider both of the replies filed by the plaintiff.

2

sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citation omitted).

Under Fed. R. Civ. P. 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).[2]

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v.

---

[2] Rule 56(e) sets forth in detail the evidentiary requirements applicable to a summary judgment motion:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to all the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

3

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"); Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (footnote omitted). The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Moreover, Fed. R. Civ. P. 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what

4

material facts it hopes to uncover, and why it has not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000); see also Good v. Ohio Edison Co., 149 F.3d 413, 422 (6th Cir. 1998); Plott v. General Motors Corp., 71 F.3d 1190, 1196-97 (6th Cir. 1995). Moreover, the Sixth Circuit has held that, unless the nonmoving party files a Rule 56(f) affidavit, a district court cannot decline to consider the merits of a summary judgment motion on the ground that it is premature. Wallin v. Norman, 317 F.3d 558, 564 (6th Cir. 2003).

In this case, the parties have stipulated, for purposes of this motion, to the following facts:[3]

> 1. Plaintiff met the Tennessee Board of Probation and Parole (the "Board") three times: in June 2001, when he was declined for a year; in June 2002, when he was declined for a year; and in June 2003, when he was declined for five years. On each appearance, plaintiff scored "5" points on the "Risk Factor Scale" used by the Board. Scores from 0 through 6 points are considered "Low Risk," and "[r]elease is suggested at first parole

---

[3] The Court's task is complicated by plaintiff's failure to comply with Local Rule 7.2(d)(2), which provides that,

> [o]n every motion for summary judgment, in addition to citations to appropriate legal authorities, the proponent of the motion shall designate in the accompanying memorandum by serial numbering each material fact upon which the proponent relies in support of the motion and shall affix copies of the precise portions of the record relied upon as evidence of each material fact. If the proponent contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of such assertion.

In this case, the Court will assume, as did the defendants, that the plaintiff's factual affidavit constitutes the functional equivalent of a statement of undisputed facts. As will be discussed infra, however, the plaintiff has not demonstrated that he is competent to testify to each of the factual statements in that affidavit, and he also has not submitted admissible evidence in support of those factual statements.

5

>hearing with a standard parole plan and standard condition" [sic]. Affidavit in Support of Plaintiff's Motion for Summary Judgment, dated Nov. 15, 2004 ("P. Aff."), ¶ 2; Affidavit of C. Edward Scudder, Jr., sworn to on Dec. 14, 2004 ("Scudder Aff."), ¶ 3.

It is also apparently undisputed that the plaintiff is African American and that he was convicted of first degree felony murder in 1979 and was sentenced to life imprisonment.[4] For purposes of this motion, plaintiff has also stipulated that he personally shot the victim.

The information presented by the plaintiff, which largely consists of his factual assertions and documents that have not been authenticated, does not come close to demonstrating the absence of a genuine issue of material fact in this case.[5] Attached to the plaintiff's affidavit is an undated, two-page document, entitled "LS-43: The Tennessee Board of Paroles," which sets forth the information in the plaintiff's affidavit concerning the Risk Factor Scale, as well as other matters. The plaintiff's affidavit does not

---

[4] See Turks a/k/a Mujihadeen v. State, No. No. 02C01-9502-CR-00035, 1997 WL 1883 (Tenn. Crim. App. Jan. 3, 1997), perm. app. denied (Tenn. May 5, 1997) (affirming the denial of collateral relief).

[5] The plaintiff's reliance on the defendants' motion to dismiss, which had not been decided at the time this motion was filed, is misplaced. See P. Aff. ¶¶ 8-9. The fact that the defendants chose to file a motion to dismiss, rather than an answer to the complaint, does not mean that the defendants have admitted the allegations of the plaintiff's complaint. (The defendants subsequently failed to answer the complaint after the Court denied the motion to dismiss, but the plaintiff has raised that omission in connection with this motion.)

refer to this document and, therefore, it cannot be considered as it has not been authenticated.[6]

Likewise, other documents submitted in support of the plaintiff's motion have not been authenticated and are not explained in the plaintiff's affidavit. For example, attached to the plaintiff's affidavit is a chart, entitled "Survey Affidavit Data List of Black Prisoners Denied Parole for Seriousness of the Offense, High Risk or Other Factors." It is not clear who prepared this chart and where the data reflected in the chart was obtained. It also is not clear when the listed inmates were denied parole.[7]

The plaintiff's affidavit also cites several instances of cases in which white inmates allegedly received more favorable treatment than he, or other similarly situated African American inmates, did. Again, however, the plaintiff has not established the basis for his knowledge of these cases, and his assertions have been contradicted by the defendants' affidavit. Moreover, the plaintiff has not set forth the years in which those parole decisions were made and the names of the individual defendants who were responsible for each such decision.[8]

---

[6] The Scudder Affidavit does not address the authenticity of that document.

[7] The Scudder Affidavit states that that document "is not a document that was produced by the Board of Probation and Parole, therefore the Board cannot validate its contents." Scudder Aff., ¶ 7.

[8] The two replies filed by the plaintiff ask that discovery be permitted, which seems to be a concession that summary judgment for the plaintiff is not appropriate at this time.

7

Although the above discussion makes clear that the plaintiff's summary judgment motion should be denied, it is appropriate briefly to address the evidence submitted by the defendants in opposition to the plaintiff's motion. Paragraph 6 of the Scudder Affidavit states in pertinent part as follows:

> 6. Research conducted on behalf of the Board of Probation and Parole for a similar lawsuit against the Board alleging racial discrimination found the following: Out of twenty-eight offenders, 9 white males were granted parole while 7 white males were denied, and 7 black males were granted parole while 5 black males were denied. There were 16 white males and 12 black males. All of these offenders were convicted of First Degree Murder or Murder in Perpetration of a Felony, and most are former death row inmates, whose sentences were commuted to life after the death penalty statute of 1975-1976 was deemed unconstitutional.

The defendants do not disclose the year or years covered by these statistics, and it is not even clear whether the plaintiff is included among the African American males in the survey. Thus, although the information submitted by the defendants is sufficient to defeat this summary judgment motion, defendants are cautioned that the statistical evidence submitted to date is insufficient to warrant a summary judgment for the defendants.[9]

---

[9] Moreover, although the Scudder Affidavit asserts that "the offenders to whom the plaintiff is comparing himself cannot be considered similarly situated to him," Scudder Aff., ¶ 6, the affidavit does not explain why that is so. If it is, in fact, the defendants' position that "the Board cannot compare one specific case to another due to the different factors, [sic] which may be presented in each case," id., then it will eventually have to come forward with very convincing statistical evidence demonstrating that the Board, in fact, does not discriminate on the basis of race in making its parole decisions for inmates convicted of first degree murder. Moreover, even if the statistical evidence is compelling that the Board generally does not discriminate on the basis of race, the plaintiff may be entitled to demonstrate that race played a role in his own parole decisions. Defendants have not cited any legal authority for the (continued...)

8

For the reasons previously stated, the evidence submitted by the defendants is sufficient to demonstrate that there are disputed issues of material fact precluding a summary judgment for the plaintiff. Accordingly, the Court DENIES the plaintiff's motion for summary judgment.

IT IS SO ORDERED this 24th day of August, 2005.

*signature*
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[9] (...continued)
proposition that it is always inappropriate to compare specific inmates, and that suggestion seems contrary to the law that has evolved in other contexts, including employment discrimination.



# Notice of Distribution

This notice confirms a copy of the document docketed as number 97 in case 2:03-CV-02044 was distributed by fax, mail, or direct printing on August 25, 2005 to the parties listed.

---

Kimberly J. Dean
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Asad El-Amin Mujihadeen
WTSP-Henning
86217
P.O. Box 1050
Henning, TN 38041

Pamela S. Lorch
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Honorable Bernice Donald
US DISTRICT COURT